## STATE ex rel. JONES vs. JENKINS.

COSTS *in action to try title to office.*

In *quo warranto* to try title to office, where defendant is adjudged to have unlawfully intruded himself into the office, the statute (R. S. 1858, ch. 160; sec. 15; R. S. 1878, sec. 3475) imperatively requires that costs be awarded to the relator, although the judgment may also deny his own alleged right to the office.

APPEAL from the Circuit Court for *Winnebago* County.

The action was brought under ch. 160, R. S. 1858, to try the right to the office of school district clerk. The relator claims in his complaint that he was duly elected to the office, and is entitled thereto; and alleges that the defendant has usurped and intruded himself into such office, and unlawfully exercises the same, and withholds the books and papers pertaining thereto from the relator. The judgment demanded is, 1. That the defendant is not entitled to the office, and that he be ousted therefrom; 2. That the relator is entitled to the office; 3. That the defendant deliver to the relator the books and papers pertaining to the office; and 4. For costs. The defendant answered that he was duly elected to the office, and has duly qualified, and is in the lawful exercise of the duties thereof.

The issues were tried by the court, and resulted in findings

State ex rel. Jones vs. Jenkins.

that the defendant has usurped said office and intruded himself into the same, and unlawfully assumes to act as such clerk; that the relator is not entitled to the office; and that neither party is entitled to costs. The record contains no bill of exceptions.

Judgment of ouster was thereupon entered against the defendant, without costs to either party. The relator appealed from so much of the judgment as refuses to award him his costs and disbursements in the action.

*Geo. E. Sutherland*, for the relator.

*Moses Hooper*, for the respondent.

LYON, J. The question of the right of the plaintiff or relator to costs is settled by the statute. It is provided in sec. 15, ch. 160, R. S., that "when a defendant, whether a natural person or a corporation, against whom such action shall have been brought, shall be adjudged guilty of usurping or intruding into or unlawfully holding or exercising any office, franchise or privilege, judgment shall be rendered that such defendant be excluded from such office, franchise or privilege, and also that the plaintiff recover costs against such defendant." The provision is retained in the late revision (sec. 3475, p. 879), and is controlling in all actions brought to try the right to an office which result in judgment of ouster against the defendant. The failure of the relator to establish his right to the office in controversy does not affect his right to recover costs under this statute. In the present case, the defendant was substantially adjudged guilty " of usurping or intruding into or unlawfully holding or exercising " the office, and judgment went against him excluding him therefrom. The statute is imperative that the plaintiff must recover his costs. The court has no discretion to adjudge otherwise.

*By the Court.* — The portion of the judgment appealed from is reversed, and the cause remanded with directions to the circuit court to award costs to the appellant.